

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

EAG:NR  *271 Cadman Plaza East*
F.#2011R02094  *Brooklyn, New York  11201*

August 13, 2012

BY ECF & Hand Delivery

The Honorable William F. Kuntz, II
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  United States v. Dauda Babalola
            Criminal Docket Number 12-0028 (WFK)

Dear Judge Kuntz:

     The government respectfully submits this letter in advance of sentencing in the above-captioned case, which is scheduled for August 16, 2012.  On March 30, 2012, the defendant pleaded guilty before Your Honor, pursuant to a plea agreement, to a lesser-included offense within Count One of the indictment, charging importation of a controlled substance in violation of 21 U.S.C. § 952(a).[1]  The offense arises from the defendant's importation of heroin into the United States from Nigeria on December 12, 2011.

     The government agrees with the United States Sentencing Guidelines ("Guidelines or "U.S.S.G.") calculation and description of the offense conduct set forth in the May 22, 2012 Presentence Investigation Report ("PSR"), with the following amendment.  The government has advised the Probation Department that it believes that the defendant qualifies for the two-level "safety-valve" reduction pursuant to U.S.S.G. § 2D1.1(b)(11) and has been informed by the assigned Probation Officer that the

---

      [1]  Subsequent to the defendant's plea at a June 14, 2012 status conference, the Court instructed the government to work with the Bureau of Prisons to ensure that approximately $6,000 that had been taken from the defendant at the time of his arrest was deposited into his prison commissary account.  The government has confirmed with the defendant's counsel and Bureau of Prisons staff that the money was deposited into the defendant's account shortly thereafter.

Probation Department will issue an addendum to the PSR reflecting this two-level reduction. Accordingly, the government believes that the defendant's total offense level is 21, his criminal history category is I, and that the corresponding recommended Guidelines range for imprisonment is 37 to 46 months.

The defendant urges the court to impose a below-Guidelines sentence on various grounds. He claims that the Guidelines are inappropriately harsh for heroin couriers, in contrast to cocaine couriers, because "mere couriers are not in control of the type of drug they import." Defendant's Memorandum ("Def. Mem." at 2). Additionally, he claims that, more broadly, the Guidelines in narcotics cases are "excessively severe" because they "'make the sentencing range in every single drug case proportional to the onerous mandatory sentences meant only for leaders and managers.'" Id., quoting United States v. Dossie, __ F. Supp. 2d __, 2012 WL 1086516 (E.D.N.Y. 2012)(Gleeson, J.). Finally, the defendant argues that his personal circumstances, including his age and his role as the financial provider for his wife, children and grandchildren, merit a sentence below the advisory Guidelines range. Def. Mem. at 3.

As an initial matter, while the defendant may not have had control of the "type of drug" he imported, he did have control of the decision that led to his conviction – the decision to import narcotics into the United States. Moreover, the fee that defendant was expecting to be paid – $15,000 – may reflect the fact that he was transporting a narcotic, heroin, that indisputably has a higher value in the United States than cocaine. Given that greater economic incentives exist for narcotics distribution rings to seek to import heroin (as opposed to cocaine), the Sentencing Commission's decision to recommend more severe sentences for heroin importation is reasonable. This economic reality, coupled with the fundamental fact that it was the defendant's decision to take this trip, makes it inappropriate to ignore, as the defendant suggests, the type of drug he was carrying.

The defendant's argument that the Guidelines are "excessively severe" for drug cases is equally without merit. The Guidelines range applicable to the defendant is dramatically lower than it would be for a leader or manager. That is, he received a four-level reduction under § 3B1.2(a) for his "minimal role" and an additional two-level reduction under the "safety valve" provision. Absent these reductions, the defendant would be facing a Guidelines range of 70-87 months. Furthermore, the government's decision to offer the defendant a plea agreement that enabled him to plead guilty to a lesser-included offense within Count One of the indictment meant that the defendant was

2

no longer facing a mandatory term of incarceration of ten years. The United States Sentencing Commission or, alternatively, the United States Congress, could obviously alter the Guidelines to make them solely "role" dependent or to otherwise de-couple a defendant's Guidelines calculation from the drug weight that he or she was seeking to import. Neither the Sentencing Commission nor the Congress has seen fit to do so. As such, the government respectfully submits that the advisory Guidelines range of 37-46 months is the appropriate range of incarceration for the Court to considering in fashioning an appropriate sentence.

Section 3553(a) requires the Court to consider a number of factors in imposing sentence, including (among others) the nature and circumstances of the offense and the history and characteristics of the defendant (§ 3553(a)(1)); the need for the sentence to reflect the seriousness of the violation, to promote respect for the law, and to provide a just punishment for the violation (§ 3553(a)(2)(A)); the need for the sentence to afford adequate deterrence to criminal conduct (§ 3553(a)(2)(B)), and to protect the public from further crimes or violations of the defendant (§ 3553(a)(2)).

Here the government acknowledges that the defendant's age may make him less like to be a repeat offender than might be the case for a younger courier. Additionally, the Probation Department notes his family circumstances and the negative impact that a lengthy term of incarceration may have on the defendant's family. Yet this fact, and the fact that the defendant owned and operated a business in Nigeria, makes his decision to undertake the instant criminal conduct all the more troubling. Moreover, the defendant sought to bring a substantial quantity of narcotics into the country – roughly 1301 grams of heroin inside of 100 pellets. This is a serious crime. Accordingly, the government

respectfully submits that a sentence within the advisory Guidelines range is appropriate.

                                    Respectfully submitted,

                                    LORETTA E. LYNCH
                                  United States Attorney
                                  Eastern District of New York

                        By:   /s/_____
                                Nathan Reilly
                                Assistant U.S. Attorney
                                (718) 254-6196

cc: Michelle Gelernt, Esq.(By ECF)